NOT FOR PUBLICATION                                                  CLOSED

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| RUBEN RAMOS, C.R.N.F.A., et al.,<br><br>           Plaintiffs,<br><br>v.<br><br>HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY,<br><br>           Defendant. | Civil Action No.: 10-2687 (JLL)<br><br><br>OPINION |

**LINARES**, District Judge.

## BACKGROUND

Plaintiffs, who are all registered nurses licensed to practice by the State of New Jersey, filed the instant Complaint in the Superior Court of New Jersey, Law Division, Morris County, on or around March 15, 2010. Plaintiffs' Complaint, which asserts various state law claims, alleges generally that Defendant, Horizon Blue Cross Blue Shield of New Jersey ("Horizon"), failed to pay claims for medical services provided by Plaintiffs to members of Horizon's health insurance plans and/or networks. Plaintiffs seek reimbursement of amounts they claim are due and owing.

Horizon filed a Notice of Removal with this Court on May 25, 2010. Defendant's Notice of Removal alleges that Plaintiffs' state law claims are actually claims for benefits due under an ERISA plan and are, therefore, completely preempted by § 502(a) of ERISA, 29 U.S.C. § 1132(a). Accordingly, it is Horizon's position that this Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. §§ 1331 and 1441.

On June 11, 2010, Plaintiffs filed a motion to remand the instant matter to state court. Plaintiffs argue that they are healthcare providers who are neither plan participants nor beneficiaries; therefore, they have no standing to bring an action under § 502(a) of ERISA, 29 U.S.C. § 1132(a). As a result, Plaintiffs urge the Court to remand the matter to state court on the basis that this Court lacks subject matter jurisdiction to entertain this matter. Horizon has opposed Plaintiffs' motion on the same basis on which it sought to remove this matter — namely, that Plaintiffs' state law claims are completely preempted pursuant to § 502(a) of ERISA because such claims seek to recover benefits due under an ERISA plan.

## DISCUSSION

**A.    Legal Standard**

A civil action originally brought in state court may be removed to federal court if the claim at issue is one "arising under" federal law. See 28 U.S.C. §§ 1331, 1441(a). In this regard, pursuant to the "well-pleaded complaint" rule, a plaintiff is ordinarily entitled to remain in state court as long as its complaint does not allege a federal claim on its face. See Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan, 388 F.3d 393, 398 (2004). Although it is undisputed that Plaintiffs in this matter assert no federal claims on the face of their Complaint, Horizon claims that removal jurisdiction is nevertheless present under the doctrine of complete preemption, which serves as an exception to the "well-pleaded complaint" rule. See, e.g., Lazorko v. Pa. Hosp., 237 F.3d 242, 248 (3d Cir. 2000) ("One exception to [the well-pleaded complaint rule] is for matters that Congress has so completely preempted that any civil complaint that falls within this category is necessarily federal in character.").

The doctrine of complete preemption "creates removal jurisdiction even though no federal question appears on the face of the plaintiff's complaint." Id.  Claims which fall within the scope of ERISA §502(a) have been deemed to be completely preempted for purposes of the doctrine of complete preemption. See Pascack, 388 F.3d at 400 ("State law causes of action that are 'within the scope of . . . §502(a)' are completely preempted . . ."); Vaimakis v. United Healthcare/Oxford, No. 07-5184, 2008 WL 3413853, at *3 (D.N.J. Aug. 8, 2008) ("ERISA's civil enforcement provision falls within the doctrine of complete preemption."). Such claims are, therefore, removable to federal court. See, e.g., Pryzbowski v. U.S. Healthcare, Inc., 245 F.3d 266, 271 (3d Cir. 2001) ("Following the decision in Metropolitan Life, there can be no question that 'causes of action within the scope of the civil enforcement provisions of § 502(a) [are] removable to federal court.' ") (quoting Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 62 (1987)).

The Third Circuit has set forth two conditions which must be met for a claim to be deemed completely preempted under §502(a) and, therefore, subject to removal: (1) that the plaintiff could have brought the claim under §502(a), and (2) that "no other legal duty supports" plaintiff's claim. See Pascack, 388 F.3d at 400. Both conditions must be met in order for the claim(s) to be deemed completely preempted. See, e.g., Vaimakis, 2008 WL 3413853, at *3. As the party seeking removal, Horizon bears the burden of proving that Plaintiffs' claims are ERISA claims. See, e.g., Pascack, 388 F.3d at 401; Boyer, 913 F.2d at 111.

Pursuant to §502(a) of ERISA, "a participant or beneficiary" may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a). Thus, it is clear that standing to sue under the statute is "limited to participants and beneficiaries."

Pascack, 388 F.3d at 400.  If Plaintiffs have no standing to sue under ERISA, then the Court lacks federal subject matter jurisdiction to entertain this matter. See generally id. at 402.  Finally, the Court notes that "[t]he removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.' " Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) (quoting Steel Valley Auth. v. Union Switch and Signal Div., 809 F.2d 1006, 1010 (3d Cir.1987)).  Based on the reasons that follow, the Court finds that Plaintiffs could not have brought their claims under §502(a) of ERISA because Plaintiffs have no standing to sue under that statute.

**B.   Analysis**

Because Horizon is the party seeking removal, it bears the burden of establishing federal subject matter jurisdiction.  See, e.g., Pascack, 388 F.3d at 401.  In order to establish that Plaintiffs' claims are completely preempted under §502(a) of ERISA, and thus that federal subject matter jurisdiction is present, Horizon must, as a threshold matter, demonstrate that Plaintiffs could have brought the claims at issue under § 502(a) of ERISA.  See Pascack, 388 F.3d at 400.  It is clear that only participants or beneficiaries of an ERISA plan have standing to sue under the statute in their own right.  See, e.g., id.  Plaintiffs claim that they are neither participants nor beneficiaries of an ERISA plan; therefore, they lack standing to bring a claim under § 502(a) of ERISA.  Horizon does not expressly dispute this.  Nor does Horizon argue that Plaintiffs possess a valid assignment of benefits from their patients (i.e., the plan participants). See, e.g., Cmty. Med. Ctr. v. Local 464A UFCW Welfare Reimbursement Plan, 143 Fed. Appx. 433, 436 (3d Cir. 2005) ("Even assuming CMC can obtain standing under ERISA by an assignment of claimants' benefits, its failure to establish that an appropriate assignment exists is fatal to its standing.").  Instead, Horizon glosses over this fundamental issue and, instead, asserts that Plaintiffs' state law claims are completely

4

preempted by § 502(a) of ERISA because: (1) they are based on the allegation that Horizon improperly denied or reduced benefits for services rendered to plan participants (Def. Opp'n Br. at 6), and (2) Plaintiffs have alleged that they are entitled to receive benefits as third-party beneficiaries to the plans (Def. Opp'n Br. at 7).  Neither argument carries the day.  See, e.g., Pascack, 388 F.3d at 404 ("[T]he absence of an assignment [of benefits between the plan participant and the healthcare provider] is dispositive of the complete pre-emption question.").

## CONCLUSION

Because Horizon has failed to satisfy the first prong of the Pascack test, namely that Plaintiffs could have brought the claims at issue under §502(a) of ERISA, Plaintiffs' claims cannot be deemed to be completely preempted under §502(a).[1]  As such, this Court lacks subject matter jurisdiction over Plaintiffs' state law claims.[2]  This matter must, therefore, be remanded to the Superior Court

---

[1] See generally Pascack, 388 F.3d at 400 (setting forth two conditions, both of which must be met, for a claim to be deemed completely preempted under §502(a): (1) that the plaintiff could have brought the claim under §502(a), and (2) that "no other legal duty supports" plaintiff's claim). Because Horizon has failed to establish the first prong – that a valid assignment took place, and, therefore, that Plaintiffs had standing to assert claims under §502(a) – the Court need not assess the second Pascack prong, that is, whether any other legal duty supports Plaintiffs' claims.  See, e.g., Vaimakis, 2008 WL 3413853, at *3 (noting that both Pascack conditions must be met in order for the claim(s) to be deemed completely preempted); North Jersey Ctr. for Surgery, P.A. v. Horizon Blue Cross Blue Shield of New Jersey, No. 07-4812, 2008 WL 4371754 (D.N.J. Sept. 18, 2008) (declining to address the second Pascack prong where defendant had failed to meet the first Pascack prong).

[2] See, e.g., Cooper Hosp. Univ. Med. v. Seafarers Health and Benefits Plan, 500 F. Supp. 2d 457, 462 (D.N.J. 2007) ("Because the record is completely devoid of any evidence of an assignment . . . this Court lacks subject matter jurisdiction."); Vaimakis v. United Healthcare/Oxford, No. 07-5184, 2008 WL 3413853, at *4 (D.N.J. Aug. 8, 2008) ("It may be customary in the profession that when a patient seeks medical services from a medical provider that is not an 'in-network' provider of the patient's insurance plan, that patient assigns his or her rights under the plan to the medical provider. However, without actual proof of the assignment, the Court cannot find federal

of New Jersey as required by 28 U.S.C. § 1447(c).

An appropriate Order accompanies this Opinion.


Dated: July 9, 2010

/s/ Jose L. Linares
Jose L. Linares
United States District Judge

---

jurisdiction.").